The opinion of the court was delivered by
MILLER, J.
The defendant appeals from a sentence for larceny.
He was tried by the court and relies for the reversal of the sentence on a bill of exceptions which recites the testimony produced on the trial. It is claimed the bjll shows no proof of the value of the stolen property, and hence the judgment is erroneous and the sentence should be set aside.
Proof of value to maintain the charge of larceny is important only *1199 because of the difference in punishment formerly recognized in grand and petit larceny, but in the changes in the criminal law on the subject of larceny the difference ceased of recognition, and with it the reason for the proof of value. Mr. Archbold lays it-down that no such proof is essential. It is claimed, however, that under our present legislation the difference between grand and petit larceny is recognized, and hence proof of value is necessary. The proof on that point, however sufficient, fairly supports the inference that the thing stolen was of value.
In the bill of exceptions, as we appreciate it, there is the proof of the taking; that the property stolen was shipped to a mercantile firm to be sold, and that firm placed the sum of eight dollars to the credit of the accused. The fair presumption is the credit was for the property and showed its value. The judgment of the lower court against the accused was doubtless based on this credit as showing the value, and in this we do not think the lower court erred.
In the brief for defendant it is urged the lower court excluded all the testimony as hearsay. The fact that the accused was credited, or, in other words, that the money was placed at his disposal by the firm to whom he shipped the property for sale, was not hearsay, and we must presume the judge gave it effect in condemning the defendant. It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Nicholas, O. J., absent; ill.